In the Matter of the Estate of LEON SCHINASI, Deceased.

Surrogate's Court, New York County, October 3, 1934.

*Thomas A. McGrath,* for Ruby Schinasi and Harold Smith, executors, petitioners.

*White & Case [Joseph M. Hartfield* of counsel], for Bankers Trust Company, co-executor and trustee.

*Thomas F. Cohalan,* special guardian of infants.

DELEHANTY, S. Two of three qualified executors of deceased ask leave to retain in the estate securities originally owned by deceased; and ask that the sixteenth paragraph of the will be construed as authorizing such retention. This paragraph gives the executors and trustees full authority to permit the estate to remain in the same form as it was at the date of testator's death, with the following limitation:

" (2) I direct my said Executors and/or Trustees to sell and dispose of, and to cause Schinasi Commercial Corporation to sell and dispose of, within four years after my death, all of the following which may be owned at the time of my death by me or by Schinasi Commercial Corporation: All common and preferred stocks (except stock of Schinasi Commercial Corporation)."

Testator died on August 16, 1930, and the four-year period mentioned in the above-quoted paragraph expired on August 16, 1934.

Petitioners contend that the above language is not mandatory, but merely authoritative and that they may, subject to the usual

requirements of prudence and good faith exacted of fiduciaries, continue the investments in common and preferred stocks received from the testator beyond the four-year period. The third executor and trustee contends that the language is mandatory and that the securities must be sold as directed by the testator.

The will was executed on February 11, 1930, six months subsequent to the stock market crash of October, 1929. At that time testator undoubtedly was of the opinion that a recovery in the market could not be expected for some time and, therefore, authorized his fiduciaries, if they deemed it wise, to hold stocks received by them for the period of four years from the time of his death. This discretion did not extend beyond that period and the language imposes an imperative obligation to sell by the end of four years. (Perry Trusts [7th ed.], § 452; *Matter of Perkins*, 245 N. Y. 478, 483; *Fraser* v. *Trustees, etc., U. P. Church*, 124 id. 479.)

Petitioners rely upon *Matter of Simon* (N. Y. L. J. Jan. 3, 1934). In that case the court held that while the language was imperative the best interests of the estate required postponement of the sale since the property could not be disposed of without sacrifice. Here securities of the type held by the trustees are sold daily in the market. There is no question here of sacrifice but only whether the executors may speculate further on a rise in value. They may not. (*Matter of Stumpp*, 153 Misc. 92.)

Submit on notice decree construing the will accordingly and denying the approval of the court to any further retention of the securities.